# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

In re:                                                    CHAPTER 13

   MICHAEL M. LUCACIU                               Bkcy. Case No. 19-11891-amc

   Debtor.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

**IT IS ORDERED** that Debtor's Motion to convert their case to one under Chapter 7 is here by GRANTED.

By the Court,

_____

**Dated: \_\_\_\_ \_\_, \_\_\_\_**                              Hon. Ashely M. Chan
                                                                 United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

* * * * * * * * * * * * * * * * * * * * * * * * *

In re:                                                                CHAPTER 13

   MICHAEL M. LUCACIU                              Bkcy. Case No. 19-11891-amc

        Debtor.

* * * * * * * * * * * * * * * * * * * * * * * * *

### MOTION CONVERT TO A CASE UNDER CHAPTER 7 PURSUANT TO 11 U.S.C.S. § 706(a)

    Michael M. Lucaciu, respectfully notices this court of his intentions to convert the above Chapter 13 Case pursuant to 11 U.S.C. §1307(a) to a case under Chapter 7 on the grounds set forth below:

    1.    Debtor filed a voluntary petition under the provision of 11 U.S.C. Chapter 7 on March 27, 2019.

    2.    Debtor originally filed a Chapter 13 case as it was uncertain as to the true value of debtor's real estate and in order to avoid an improper filing under Chapter 7 debtor sought to get an appraisal which was recently obtained.

    3.    After obtaining the appraisal and learning that the property case is in fact consistent with his pre-petition belief, he know wishes to file a case under Chapter 7 as it is believed that there exist no non exempt equity.

    4.    As debtor's bankruptcy was necessary for the well-being of his family, due to the above and because the income in said household is insufficient to maintain a chapter 13 case, debtor believe that his financial recovery and his ability to move forward with his life is best served by converting his case to one under chapter 7.

5. Debtor qualifies under Chapter 7 of the Title 11.

6. Under §1307(a) of the bankruptcy Code, debtor is entitled to convert his Chapter 13 case to one under Chapter 7 as it is in the best interest of his family.

7. A copy of the Notice, has on this date, been mailed to the Chapter 13 Trustee serving this case and all affiliated creditors.

**WHEREFORE**, debtor, under bankruptcy Rule 1017(f)(3) and 1019, hereby gives notice and Motion for conversion of this Chapter 13 case to one under Chapter 7 of Title 11, United States Code and for such other relief as is just and proper.

Date: May 1, 2019

By: /s/ Robert Leite-Young
Robert Leite-Young, Esquire
Attorney for Debtor
6950 Castor Avenue
Philadelphia, PA 19149
(267) 343-5818
Rleite@rlmfirm.com

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

* * * * * * * * * * * * * * * * * * * * * * * * *

In re:  CHAPTER 13

    MICHAEL M. LUCACIU  Bkcy. Case No. 19-11891-amc

    Debtor.

* * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OF LAW IN SUPPORT OF DEBTOR'S MOTION(S)

Debtors through the undersigned counsel hereby submit this memorandum and argument in support of the within Motion(s).

**I.**    **ARGUMENT**

Under 11 USCS § 1307(a), debtor may effect conversion from Chapter 13 proceedings to Chapter 7 proceedings at any time without qualification, and debtor will be permitted to demand such conversion notwithstanding creditor's assertion that dismissal of case is more appropriate. *In re Bullock,* 41 B.R. 637 (Bankr. E.D. Pa. 1984).

Debtor originally filed a Chapter 13 case as it was uncertain as to the true value of debtor's real estate and in order to avoid an improper filing under Chapter 7 debtor sought to get an appraisal which was recently obtained. After obtaining the appraisal and learning that the property case is in fact consistent with his pre-petition belief, he know wishes to file a case under Chapter 7 as it is believed that there exist no non exempt equity. As debtor's bankruptcy was necessary for the well-being of his family, due to the above and because the income in said household is insufficient to maintain a chapter 13 case, debtor believe that his financial recovery and his ability to move forward with his life is best served by converting his case to one under chapter 7.

Debtor is unable to able to comply with their Chapter 13 Plan and does not desire to retain the above referenced property. Under §1307(a) of the bankruptcy Code, debtor is entitled to convert their Chapter case to one under Chapter 7 as it is in the best interest of their creditors and her family.

## II.    CONCLUSION

As a Court of equity, the Honorable Judge Chan can permit debtor the ability to convert his case to one under Chapter 7.

**WHEREFORE**, debtor respectfully asks that the Court grant this motion and for such other relief as is just and proper.

Date: Date: May 1, 2019

By: /s/ Robert Leite-Young
Robert Leite-Young, Esquire
Attorney for Debtor
6950 Castor Avenue
Philadelphia, PA 19149
(267) 343-5818
Rleite@rlmfirm.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

* * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| In re: | CHAPTER 13 |
| MICHAEL M. LUCACIU | Bkcy. Case No. 19-11891-amc |
| Debtor. | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**CERTIFICATE OF SERVICE**

    I hereby certify that the within Motion to Convert Case was served upon all parties of interest by First Class Mail, unless served electronically, at the below address on May 1, 2019.

| | | |
|---|---|---|
| Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541 | U.S. Attorney Office<br>Virginia Powel, Esq.<br>Room 1250<br>615 Chestnut Street<br>Philadelphia, PA 19107 | Philadelphia<br>900 Market Street<br>Suite 400<br>Phila, PA 19106 |
| AMEX Department Stores<br>PO Box 8218<br>Mason, OH 45040 | BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998 | Barclays Bank Delaware<br>PO Box 8803<br>Wilmington, DE 19899 |
| Chase Bank USA, N.A.<br>c/o Robertson, Anschutz & Schneid,<br>6409 Congress Avenue, Suite 100<br>Boca Raton, FL 33487 | Chase Card<br>PO Box 15298<br>Wilmington, DE 19850 | Citicards<br>PO Box 6241<br>Sioux Falls, SD 57117 |
| Citicards CBNA<br>PO Box 6241<br>Sioux Falls, SD 57117 | Citizens Bank<br>PO Box 42010<br>Providence, RI 02940 | Citizens Bank<br>PO Box 9665<br>Providence, RI 02940 |
| Citizens Bank N.A.<br>One Citizens Bank Way P<br>Mailstop: JCA115<br>Johnston, RI 02919 | Comenity Bank<br>O Box 182789<br>Columbus, OH 43218<br>New Albany, OH 43054 | Discover Bank<br>Discover Products Inc<br>PO Box 3025 |
| DISCOVER FINANCIAL SVC LLC | US BANK | FNB Omaha |

PO BOX 3025  
NEW ALBANY OH 43054

PO BOX 5229  
CINCINNATI OH 45201

PO Box 3412  
Omaha, NE 68103

FORD MOTOR CREDIT COMPANY  
P O BOX 62180  
COLORADO SPRINGS CO 80962

First National Bank of Omaha  
1620 Dodge Street, Stop code 3105  
Omaha, NE 68197

HSBC Bank  
PO Box 4657  
Carol Stream, IL 60197

Kay Jewelers  
375 Ghent Road  
Akron, OH 44333

Paypal Credit  
PO Box 71202  
Charlotte, NC 28272-1202

RBS Citizens NA  
1000 Lafayette Blvd  
Bridgeport, CT 06604

SEARS/CBNA  
PO BOX 6282  
Sioux Falls, SD 57117

SYNCB/Paypalextra  
PO Box 965005  
Orlando, FL 32896-5005

Select Portfolio Servicing  
PO Box 65250  
Salt Lake City, UT 84165

Select Portfolio Servicing  
c/o Rebecca A. Solarz, Esquire  
KML Law Group, P..  
701 Market Street Suite 5000  
Phila., PA 19106-1541

Synchrony Bank  
c/o of PRA Receivables  
PO Box 41021  
Norfolk, VA 23541-1021

TD Auto Finance  
PO Box 9223  
Farmington, MI 48333

The Home Depot/CBNA  
PO Box 6497  
Sioux Falls, SD 57117

U.S. Bank NA dba Elan  
Bankruptcy Department  
PO Box 108  
St. Louis MO 63166

Ford Motor Credit  
PO Box 542000  
Omaha, NE 68154

WILLIAM C. MILLER, Esq.  
Chapter 13 Trustee  
P.O. Box 1229  
Philadelphia, PA 19105-1229

                      Respectfully submitted,

                      s/ Robert Leite-Young  
                      Counsel for Debtor